# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-327V

| | |
|---|---|
| RICHARD SADLER, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: March 27, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Kirk Tripp Otto, Siri & Glimstad, LLP, Richmond, FL, for Petitioner.*

*Mitchell Jones, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 8, 2021, Richard Sadler filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged a Table injury - that he suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccine on December 4, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 25, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a Table SIRVA. On March 26, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $152,500.00 for pain and suffering, $1,977.51 for past unreimbursable expenses, and $37,640.77 for lost wages. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $192,118.28 (representing $152,500.00 for pain and suffering, $1,977.51 for past unreimbursable expenses, and $37,640.77 for lost wages), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| RICHARD SADLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 21-327V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 8, 2021, Richard Sadler ("petitioner") filed a petition for compensation under

the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"

or "Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration

("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza

vaccine he received on December 4, 2019.  Petition at 1.  On June 25, 2025, the Chief Special

Master issued a Ruling on Entitlement, finding petitioner entitled to compensation.[1]  ECF No.

50.

I.      **Items of Compensation**

    A.      Pain and Suffering

Respondent proffers that petitioner should be awarded $152,500.00 in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein.
Assuming the Chief Special Master issues a damages decision in conformity with this proffer,
respondent waives his right to seek review of such damages decision.  However, respondent
reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special
Master's June 25, 2025 entitlement ruling.

B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,977.51.  *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C.     Lost Wages

Evidence supplied by petitioner documents that he incurred past lost wages related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of $37,640.77.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following:[2]

A lump sum payment of **$192,118.28** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Richard Sadler.

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

/s/ Mitchell Jones
MITCHELL JONES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-1748
mitchell.jones@usdoj.gov

DATED:  March 23, 2026

3