# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 21-0327V**

| | |
|---|---|
| RICHARD SADLER,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: August 17, 2026 |

*Kirk Tripp Otto, Siri & Glimstad, LLP, Louisville, KY, for Petitioner.*

*Mitchell Jones, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On January 8, 2021, Richard Sadler filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleged a Table injury - that he suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccine on December 4, 2019. Petition at 1. On March 27, 2026, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 65.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On December 20, 2024, Petitioner's former counsel, Rawls Law Group, filed a Motion for Interim Fees and Costs, requesting $27,921.24 (representing $25,543.30 in fees plus $2,377.94 in costs). ECF No. 47. Respondent reacted to the interim fees motion on January 3, 2025, stating that he "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award as set forth in *Avera v. HHS*, 515 F.3d 1343 (Fed. Cir. 2008), and the statutory requirements for an award of attorney's fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B)." Response at 2, ECF No. 48. Petitioner filed a reply on February 5, 2025, stating that the request is reasonable, well supported and should be granted. ECF No. 49.

Petitioner filed a second interim motion for attorney's fees, requesting an award of $4,880.43 in attorneys' fees (representing $2,301.43 in fees incurred by Rawls Law Group and $2,579.00 in fees incurred by Siri & Glimstad LLP). Petitioner's Motion for Interim Fees filed February 11, 2026, ECF No. 61. Respondent filed a Response to Petitioner's second Interim Motion on February 25, 2026, reiterating that the Chief Special Master determine whether Petitioner's has met the legal standard. ECF No. 62. Petitioner did not file a reply.

On April 30, 2026, Petitioner filed a Final Motion for Attorney's Fees and Costs, requesting $3,615.26 incurred by Siri & Glimstad, LLP (representing $3,542.90 in fees plus $72.36 in costs). Petitioner's Motion for Fees. ECF No. 69. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 69-3. Petitioner requests a total award of $36,416.92 in fees and costs. Respondent reacted to the final Motion for Attorney's Fees and Costs on May 6, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response to Motion, at 2-4, ECF No. 71. Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Hum. Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or

otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Hum. Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the hourly rates of $360.00 per hour for work performed in 2025 and the rate of $450.00 for John Beaulieu, for work performed in 2026. Additionally, for attorney Kirk Otto, Petitioner requests the rate of $495.00 per hour for work performed in 2026.

The requested rate for attorney Beaulieu for 2025 has previously been awarded and shall be awarded herein. The requested rate for 2026 requires adjustment. Mr. Beaulieu was previously awarded $425.00 per hour for time billed in 2026. *See Sukhraj v. Sec'y of Health & Hum. Servs.,* No. 23-2176V, slip. op. (Fed. Cl. May 19, 2026). I find no reason to deviate from the previous determination, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I reduce the rates to be consistent with *Sukhraj.* **Application of the foregoing reduces the fees to be awarded herein by $15.00.**[3]

[3] This amount is calculated as follows: ($450 - $425 = $25 x 0.60 hrs = $15.00).

Finally, the requested rate for attorney Otto for 2026 requires adjustment. Mr. Otto was previously awarded $450.00 per hour for time billed in 2026. *See Hughes v. Sec'y of Health & Hum. Servs.,* No. 22-1917V, 2026 WL 2111394. (Fed. Cl. June 23, 2026). I find no reason to deviate from the previous determination, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. *See Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I reduce the rates to be consistent with *Hughes.* **Application of the foregoing reduces the fees to be awarded herein by <u>$220.50</u>**.[4]

## ATTORNEY COSTS

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 47-2 and 69-2 at 8-9. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $36,181.43 (representing $33,731.13 for attorneys' fees and $2,450.30 for attorneys' costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**<u>s/Brian H. Corcoran</u>**
Brian H. Corcoran
Chief Special Master

---

[4] This amount is calculated as follows: $495 - $450 = $45 x 4.90 hrs = $220.50.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.